IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 18- 01022 |
| | ) |
| $13,130.00 IN UNITED STATES | ) |
| CURRENCY, More or less; | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT FOR FORFEITURE IN REM

Plaintiff, United States of America, by and through its attorneys, Stephen R. McAllister, United States Attorney for the District of Kansas, and Sean M.A. Hatfield, Special Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

### NATURE OF THE ACTION

1. This is an action to forfeit and condemn to the use and benefit of the United States of America the following property: $13,130.00 in United States currency, more or less (hereinafter "defendant property"), for violations of 21 U.S.C. § 841 et seq.

## THE DEFENDANT IN REM

2. The defendant property consists of $13,130.00 in United States currency, more or less, that was seized on August 2, 2017 by the United States Postal Inspection Service in Overland Park, Kansas, in the District of Kansas. The currency is currently in the custody of the United States Marshal Service.

## JURISDICTION AND VENUE

3. Plaintiff brings this action in rem in its own right to forfeit and condemn the defendant property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355.

4. This Court has in rem jurisdiction over the defendant property under 28 U.S.C. § 1355(b). Upon filing this complaint, the plaintiff requests that the Court issue an arrest warrant in rem pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district and/or pursuant to 28 U.S.C. § 1395, because the defendant property is located in the district.

## BASIS FOR FORFEITURE

6. The defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes 1) money, negotiable instruments, securities and other things of value furnished or intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; and/or 2) proceeds traceable to such an exchange; and/or 3) money, negotiable instruments, and securities used or intended to be used to facilitate a violation of the Controlled Substances Act.

## FACTS

7. Supplemental Rule G(2)(f) requires this complaint to state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial. Such facts and circumstances supporting the seizure and forfeiture of the defendant property are contained in Exhibit A which is attached hereto and incorporated by reference.

## CLAIM FOR RELIEF

WHEREFORE, the plaintiff requests that the Court issue a warrant for the arrest of the defendant property; that notice of this action be given to all persons who reasonably appear to be potential claimants of interests in the properties; that the defendant property be forfeited and condemned to the United States of America; that the plaintiff be awarded its costs and

disbursements in this action; and for such other and further relief as this Court deems proper and just.

The United States hereby requests that trial of the above entitled matter be held in the City of Wichita, Kansas.

Respectfully submitted,

STEPHEN R. McALLISTER
United States Attorney

*/s/ Sean Hatfield*

SEAN M.A. HATFIELD
Ks. S. Ct. No. 24098
Special Assistant United States Attorney
1200 Epic Center, 301 N. Main
Wichita, Kansas 67202
T: (316) 269-6481
F: (316) 269-6484
sean.hatfield@usdoj.gov

## DECLARATION

I, Justin Lewis, Postal Inspector, U.S. Postal Inspection Service.

I have read the contents of the foregoing Complaint for Forfeiture, and the exhibit thereto, and the statements contained therein are true to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 26 day of January, 2018.

Justin Lewis, Inspector
United States Postal Inspection Service

## AFFIDAVIT

I, Justin Lewis, having first been duly sworn, do hereby state the following:

1. I am a United States Postal Inspector with the United States Postal Inspection Service, and have been so employed since August, 2002. I am currently assigned to the Kansas City Field Office of the Postal Inspection Service and have experience enforcing federal mail and drug laws. This affidavit, submitted in support of a forfeiture proceeding, is based on my own personal knowledge and information given to me by other Postal Inspectors and other law enforcement personnel.

2. I received basic training for approximately 12 weeks from the United States Postal Inspection Service regarding individuals using the United States Mail to transport controlled substances and proceeds from the sale of controlled substances as well as the use of Postal Money Orders to launder the proceeds of controlled substances. I received formal training for one week in March, 2003, when I attended the United States Postal Inspection Service Narcotics training course in San Diego, California. This training involved narcotic investigation techniques, chemical field testing, and training in the identification and detection of controlled substances and narcotic proceeds being transported in the United States Mail and other commercial carriers. As a United States Postal Inspector, I have been involved in over 200 illegal narcotic investigations involving the United States Mail and have been identified by the U.S. Postal Inspection Service as a Subject Matter Expert (SME) in narcotic cases involving the United States Mail. I served as an instructor at the United States Postal Inspection Service Narcotics training course.

3. On August 30, 2016, the United States Postal Inspection Service seized U.S. Mail Priority Express Parcel EK471109452US destined for delivery to xxxx E. 114th St in Kansas

City, Missouri. The parcel contained approximately 100 ounces of Tenocyclidine (TCP), which is a Schedule I Controlled Substance. Ronda Robinson was parked in the driveway of the residence. A review of Ronda Robinson's cellular phone identified the intended recipient of the parcel as Aaron Pouncil. The parcel originated from French Camp, California, which is located near Stockton, California. Video was obtained from the French Camp, California Post Office and identified a black male and female packaging and mailing the seized parcel.

4. On February 7, 2017, the Kansas Highway Patrol stopped a car east bound on Interstate 70, in the District of Kansas. Aaron Pouncil and William Johnson were occupying the vehicle. Pouncil and Johnson told officers they were traveling from Oakland, California to Kansas City, Missouri. Approximately 80 ounces of Phencyclidine (PCP), which is a Scheduled I Controlled Substance, was recovered from the vehicle. William Johnson had in his possession a cellular phone with phone number. On the morning of August 30, 2016, which is the day the parcel containing 100 ounces of TCP was seized, this phone number had text contact with Ronda Robinson's phone. A review of the French Camp, California video was done and William Johnson appeared to be the black male mailing the seized PCP parcel from August 2016. William Johnson's wife, Crystal Watson-Johnson, appears to be the female in the video.

5. On July 30, 2017, William Johnson was stopped driving westbound on Interstate 80 near Rock Springs, Wyoming by the Wyoming Highway Patrol. A search of the vehicle identified and seized approximately 50 grams of PCP. Also located in the vehicle was a U.S. Mail receipt identifying the Subject Parcel, a 6 pound 7 ounce parcel mailed on July 28, 2017 from the Lenexa, KS Postal Station 66215. I entered the tracking number of the parcel, 9505513969537209130860, in the Postal Service Database and identified the parcel was

addressed to xxx Evi Ct, Stockton, California 95206. This address is residence of William and Crystal Johnson.

6. I contacted the Stockton Postal Station 95206 and requested the parcel be forwarded to my office in Overland Park, Kansas, which is in the District of Kansas. On August 2, 2017, I received the Subject Parcel at my office.

7. On August 3, 2017, I contacted Kansas City, Missouri Police Detective Yale Acton and coordinated an exterior odor search of the Subject Parcel at the Drug Enforcement Unit, which is located at an undisclosed location in Kansas City, Missouri. I placed the Subject Parcel on a book shelf located in the garage area near other similar sized boxes. At approximately 10:10 am, I observed Detective Acton and his certified narcotic canine, Bennett, search the garage. I observed Bennett search the area and then sit facing the Subject Parcel. Detective Acton stated Bennett's actions indicated he had alerted to the Subject Parcel as containing a narcotic odor. "Under our case law, a random dog sniff is not a search for Fourth Amendment purposes and a positive dog alert gives officers probable cause to search." *U.S v. Parada*, 577 F.3d 1275, 1281 (10th Cir. 2009).

8. According to Officer Acton, Bennett is a seven year old, male Labrador Retriever. Bennett was first trained as a narcotics detection dog by Vohne Liche Kennels in Denver, IN. Vohne Liche Kennels is authorized trainer #5000-80 for the Indiana Law Enforcement Training Academy. Bennett was first certified by the National Police Canine Associate in 2012. Bennett is trained to detect the odors of cocaine, marijuana, heroin, and methamphetamine. Bennett was last certified by the Kansas City, MO Police Department in April 2017. Since being certified, Bennett has recovered 755.27 pounds of marijuana, 24.79 pounds of cocaine, 51.88 pounds of methamphetamine, 1.31 pounds of heroin, 1.1 gallons of PCP, and $325,010.00 in US Currency.

3

9. On August 29, 2017, Inspectors Nitz and I executed a District of Kansas Search Warrant on Priority Parcel 9505513969537209130860. The parcel contained two pair of Air Jordan shoes with approximately $13,130.00 in U.S. currency located inside the shoes. The currency was wrapped in vacuum sealed bags, which is consistent with packaging of currency seized in prior mailed parcels identified as illegal narcotic proceeds.

10. On January 10, 2018, William Johnson, Aaron Pouncil, Crystal Johnson, and Ronda Robinson were indicted in the District of Kansas for Title 21 U.S.C § 846: Conspiracy to Distribute more than one kilogram of a Scheduled I Controlled Substance. William Johnson and Aaron Pouncil were also charged with Title 21 U.S.C. § 841(a)(1), Possession with Intent to Distribute a Scheduled I Controlled Substance.

11. A review of William Johnson's criminal history identified the following narcotic offenses:

- 12/30/1989 San Francisco, CA: Possession/Purchase Cocaine conviction
- 08/06/1990 San Francisco, CA: Possession of a Controlled Substance conviction.
- 09/24/1992 Oakland, CA: Felony Transport/Sell of Narcotics/Controlled Substance conviction.
- 01/13/1994 San Francisco, CA: Dangerous Drug conviction
- 08/29/1995 Lampoc, CA: Possession with Intent to Distribute Cocaine Base
- 12/30/2005 San Francisco, CA: Transport/Sell of Controlled Substance
- 08/07/2007 San Francisco, CA: Felony Transport/Sell of Narcotics; Possession/Purchase of cocaine base; Conspiracy to commit a crime
- 05/14/2016 Sherman County, TX: Possession of a Controlled Substance

12. Drug traffickers often utilize the U.S. Mail system in transporting U.S. currency (illegal narcotic proceeds) to an illegal narcotic source. In this case, there is probable cause to believe William Johnson and others directed shipments of PCP and TCP, which are Scheduled I Controlled Substances, originating from Stockton, California to be delivered to Kansas City, Missouri.

13. Based on the information above, I have probable cause to believe that that approximately $13,130.00 seized by the U.S. Postal Inspection Service constitutes money or other things of value furnished or intended to be furnished in exchange for a controlled substance, or proceeds traceable to such an exchange, or was used or intended to be used to facilitate one or more violations of Title 21, U.S.C. § 841 et seq. Accordingly, the property is subject to forfeiture pursuant to Title 21, U.S.C. § 881.

Justin Lewis, U.S. Postal Inspector
U.S. Postal Inspection Service

SUBSCRIBED AND SWORN TO before me this 26th day of January, 2018.

Notary Public

My Commission Expires: 10/17/2018

5